UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDMON FELIPE ELIAS YUNES<br>27 de febero 421<br>Plaza Domincan Suite 3C2<br>Santo Domingo<br>Dominican Republic<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF STATE<br>2201 C Street, NW<br>Washington, D.C.  20520,<br><br>Defendant,<br><br>and<br><br>U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Ave., NW<br>Washington, DC  20530-0001<br><br>Defendant. | Civil Action No._____ |

**COMPLAINT FOR DECLARATORY JUDGMENT
<u>AND INJUNCTIVE RELIEF</u>**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, as well as agency FOIA regulations, challenging the failure of the United States Department of State ("State") and United States Department of Justice ("Justice") to fulfill the requests of Edmon Felipe Elias Yunes "Elias Yunes" for documents concerning himself.

2. This case seeks declaratory relief that defendants are in violation of the FOIA for failing to fulfill plaintiff's request for records, and injunctive relief that defendants immediately and fully comply with plaintiff's request under the FOIA.

## JURISDICTION AND VENUE

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 702, which gives the Court jurisdiction over agency actions where an aggrieved party has suffered wrong within the meaning of a "relevant statute," here the FOIA. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 703, 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Plaintiff Elias Yunes is a citizen of the Dominican Republic who was born on November 10, 1934. Elias Yunes was served with a notice that his United States Visa was being revoked in November 2010 but was provided no details as to the reasons for this action. A document subsequently obtained from US-Visit states that the Department of Justice's Terrorist Screening Center stated without any further documentation on December 27, 2010 that Mr. Elias Yunes was a "known or suspected terrorist." The FOIA requests at issue here are for the sole purpose of finding out why the Visa was revoked so that it may be reissued to Mr. Elias Yunes.

5. Defendant State is an agency within the meaning of 5 U.S.C. § 552(f). Defendant State is the federal agency with possession and control of the records requested from State and is responsible for fulfilling the FOIA request of Elias Yunes to State.

6. Defendant Justice is an agency within the meaning of 5 U.S.C. § 552(f). The Federal Bureau of Investigation ("FBI") is a component of Justice. Defendant Justice is the federal agency with possession and control of the records from the FBI and is responsible for fulfilling the FOIA request of Elias Yunes.

## STATUTORY FRAMEWORK
### The Freedom of Information Act

7. The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

8. An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination whether or not to fulfill the request and of the requester's right to appeal the agency's determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

9. An agency must respond to a FOIA appeal within 20 working days, notifying the appealing party of the agency's determination to either release the withheld records or uphold the denial. 5 U.S.C. § 552(a)(6)(A)(ii).

10. In "unusual circumstances," an agency may delay its response to a FOIA request or appeal, but must provide notice and must also provide "the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B).

11. This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

12. The FOIA provides a mechanism for disciplinary action against agency officials who have acted inappropriately in withholding records. Specifically, when requiring the release of improperly withheld records, if the court makes a written finding that "the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously," a disciplinary investigation is triggered. 5 U.S.C. § 552(a)(4)(F).

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF

### State Department Request

13. On April 15, 2014, Elias Yunes via counsel sent a FOIA request to State seeking "[r]ecords regarding alleged criminal activities that have led to his visa revocation that took place in Santo Domingo, Dominican Republic in November 2010." Elias Yunes, specifically stated through his counsel that "[t]he records we are trying to locate are specific records that have led the US Department of State to assume that Mr. Elias is ineligible under INA 212 (criminal or known terrorist)."

14. By letter dated May 2, 2014, the Requester Communications Branch, Office of Information Programs and Services, acknowledged Elias Yunes's FOIA request, assigning it Request Number F-2014-06846.

15. By e-mail dated May 19, 2014, the requester's counsel sought the status of the request.

16. By e-mail dated May 21, 2014, Jennine A. Daniels of State's FOIA Requester Service Center stated that "[t]he estimated completion date for this case is: April 2015."

17. To date, defendant State has failed to locate and release information pursuant to plaintiff's FOIA request even though the statutory time period has expired.

<u>FBI Request</u>

18. On June 13, 2014 by DHL, Elias Yunes via counsel sent a FOIA to the FBI seeking "[i]nformation regarding terrorist/criminal activities for … Yunes."

19. By email dated July 2, 2014, The FBI indicated to counsel for Elias Yunes that the request was received by the FBI on June 16, 2014.

20. To date, the FBI has failed to locate and release information pursuant to plaintiff's FOIA request even though the statutory time period has expired.

**PLAINTIFF'S CLAIMS FOR RELIEF**

**<u>CLAIM ONE</u>**
**(Failure to Conduct an Adequate Search)**

21. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

22. Plaintiff submitted requests that reasonably described the records sought and was made in accordance with both State and Justice's published rules.

23. In response, defendants' have failed to conduct a search reasonably calculated to uncover all responsive agency records.

24. Therefore, defendants' violated the FOIA's mandate to search for responsive records.  5 U.S.C. §552(a)(3)(D).

25. Plaintiff is entitled to injunctive and declaratory relief with respect to the search for the requested records.

**<u>CLAIM TWO</u>**
**(Failure to Produce Records Under the FOIA)**

26. Plaintiff realleges and incorporates by reference all preceding paragraphs.

27. Plaintiff properly asked for records within defendants' control.

28. Plaintiff is entitled by law to access to the records requested under the FOIA, unless defendants make an explicit and justified statutory exemption claim.

29. Defendants have not produced all the records responsive to plaintiff's FOIA requests.

30  Therefore, defendants have violated the FOIA's mandate to release agency records to the public by failing to release the records as plaintiff specifically requested. 5 U.S.C. §§ 552(a)(3)(A), 552(a)(4)(B).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court:

(1)  Declare that defendants have violated the FOIA by failing to conduct an adequate search for records responsive to plaintiff's FOIA requests of April 15, 2014 and June 13, 2014;

(2)  Order the defendants to immediately conduct an adequate search for responsive records that includes a search of any and all State components and FBI offices that may have responsive records;

(3) Declare that the defendants have violated the FOIA by failing to lawfully satisfy plaintiff's FOIA requests;

(4) Order the defendants to release all records responsive to plaintiff's FOIA requests;

(5) Award plaintiff its reasonable attorney fees and litigation costs in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) Grant such other and further relief as the Court may deem just and proper.

8/15/14

Respectfully submitted,

/s/ _____

Scott A. Hodes
(D.C. Bar No. 430375)
P.O. Box 42002
Washington, D.C.  20015
Phone (301) 404-0502
Fax (413) 641-2833


Attorney for Plaintiff

7