UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EDMON FELIPE ELIAS YUNES,**<br><br>    Plaintiff,<br><br>    v.<br><br>**UNITED STATES DEPARTMENT OF JUSTICE, et al.,**<br><br>    Defendants. | Civil Action No. 14-1397 (JDB) |

## MEMORANDUM OPINION

In this Freedom of Information Act ("FOIA") case, Edmon Elias Yunes filed requests with the Department of State and the Federal Bureau of Investigation ("FBI") seeking records to uncover why the United States identified him as a known or suspected terrorist and revoked his visa. In a prior decision, this Court granted summary judgment in favor of the United States on nearly all of Yunes's challenges to the government's FOIA responses. All that remains now is whether Yunes is entitled to a single four-page report withheld by the FBI. The Department of Justice ("DOJ"), on behalf of the FBI, has filed a renewed motion for summary judgment, arguing that this report is properly withheld pursuant to FOIA Exemption 3, 5 U.S.C. § 552(b)(3), which protects records "specifically exempted from disclosure by statute." The Court agrees and hence will grant DOJ's renewed motion for summary judgment.

## BACKGROUND

In November 2010, Yunes, a citizen of the Dominican Republic, had his United States visa revoked when DOJ's Terrorist Screening Center identified him as a known or suspected terrorist. Compl. [ECF No. 1] ¶ 4. Believing that his visa was improperly revoked, Yunes filed FOIA

1

requests with the Department of State and the FBI seeking records regarding his terrorist or criminal activities, in order to uncover why the government deemed him ineligible to enter the United States. Id. ¶¶ 13, 18. Four months after filing these requests, Yunes filed this lawsuit alleging that the agencies had failed to conduct an adequate search of their records and to produce responsive records. See generally id. Thereafter, the agencies completed their searches, produced a small number of responsive documents, and withheld most of the responsive documents under various FOIA exemptions. See Dep't of State's Statement of Material Facts [ECF No. 40] ¶¶ 3–5; DOJ's Statement of Material Facts [ECF No. 48] ¶ 22. The parties then filed cross-motions for summary judgment. See Dep't of State's Mot. for Summ. J. [ECF No. 40]; DOJ's Mot. for Summ. J. [ECF No. 48]; Pl.'s Cross Mot. for Summ. J. [ECF No. 53].

Last year, this Court granted the Department of State's motion for summary judgment, granted in part DOJ's motion for summary judgment, and denied Yunes's cross-motion for summary judgment. See Aug. 26, 2016 Mem. Op. [ECF No. 62] at 18–19. The Court concluded that DOJ had justified all of its withholdings except for a four-page document obtained by the FBI from the Department of Treasury, Financial Crimes Enforcement Network ("FinCEN"), which has primary responsibility for implementing the Bank Secrecy Act ("BSA"). See id. at 13, 18–19; 2d Am. Hardy Decl. [ECF No. 46–2] ¶ 45. The purpose of the BSA is "to require certain reports or records where they have a high degree of usefulness in criminal, tax, or regulatory investigations or proceedings, or in the conduct of intelligence or counterintelligence activities." 31 U.S.C. § 5311. The BSA expressly exempts "report[s] and records of reports" collected under the BSA from disclosure under FOIA. See 31 U.S.C. § 5319.

The Court previously found that the FBI's statement that the withheld document contained "information obtained through the BSA" was insufficient to invoke Exemption 3 because it "[did]

not specify that the withheld information is derived from BSA reports or records of reports." Aug. 26, 2016 Mem. Op. at 13. Thus, this statement left open the possibility that the withheld document contained "information gathered pursuant to BSA provisions other than the reporting requirements," which is not expressly exempted from disclosure under FOIA. Id. Rather than grant summary judgment to either party, the Court "g[a]ve the FBI another chance to explain why these pages can be withheld." Id. at 14. DOJ has now filed a renewed motion for summary judgment and provided further explanation as to why this document can be withheld under Exemption 3. See DOJ's Renewed Mot. Summ. J. [ECF No. 64].

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In a FOIA action, the agency "is entitled to summary judgment if no material facts are in dispute and if it demonstrates 'that each document that falls within the class requested either has been produced . . . or is wholly exempt from [FOIA's] inspection requirements.'" Students Against Genocide v. Dep't of State, 257 F.3d 828, 833 (D.C. Cir. 2001) (quoting Goland v. CIA, 607 F.2d 339, 352 (D.C. Cir. 1978)). "FOIA cases typically and appropriately are decided on motions for summary judgment." Defs. of Wildlife v. U.S. Border Patrol, 623 F. Supp. 2d 83, 87 (D.D.C. 2009); see also Brayton v. Office of the U.S. Trade Representative, 641 F.3d 521, 527 (D.C. Cir. 2011).

FOIA "sets forth a policy of broad disclosure of Government documents in order to ensure an informed citizenry, vital to the functioning of a democratic society." FBI v. Abramson, 456 U.S. 615, 621 (1982) (citation and internal quotation marks omitted). Congress recognized, however, that "'legitimate governmental and private interests could be harmed by release of certain

3

types of information.'" Critical Mass Energy Project v. Nuclear Regulatory Comm'n, 975 F.2d 871, 872 (D.C. Cir. 1992) (en banc) (quoting Abramson, 456 U.S. at 621). Thus, FOIA "requires federal agencies to make Government records available to the public, subject to nine exemptions for specific categories of material." Milner v. U.S. Dep't of Navy, 562 U.S. 562, 564 (2011).

"In litigation seeking the release of information under the FOIA, the agency has the burden of showing that requested information comes within a FOIA exemption." Pub. Citizen Health Research Grp. v. FDA, 185 F.3d 898, 904 (D.C. Cir. 1999) (internal quotations omitted). An agency can carry its burden by submitting sufficiently detailed affidavits or declarations. See De Sousa v. CIA, No. CV 14-1951 (BAH), 2017 WL 943898, at *4 (D.D.C. Mar. 9, 2017). Summary judgment may be based solely on information provided in supporting declarations or affidavits if they describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record [or] by evidence of agency bad faith." Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981); Larson v. U.S. Dep't of State, 565 F.3d 857, 862 (D.C. Cir. 2009). "Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears logical or plausible." Larson, 565 F.3d at 862 (internal quotations omitted). In cases involving national security concerns, courts must "accord substantial weight to agency affidavits." Goland, 607 F.2d at 352 (internal quotations omitted); Wolf v. CIA, 473 F.3d 370, 374 (D.C. Cir. 2007).

## **DISCUSSION**

The sole question at issue here is whether the FBI has properly invoked FOIA Exemption 3 to withhold the four-page document.[1] Exemption 3 protects from disclosure records "specifically

---

[1] The withheld pages are Yunes–11 through Yunes–14. See DOJ's Statement of Material Facts [ECF No. 64–2] ¶ 2; 5th Hardy Decl. [ECF No. 67–1] ¶ 5.

4

exempted from disclosure by statute" if that statute either "requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue" or "establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3). To withhold records under Exemption 3, DOJ "need only show that [1] the statute claimed is one of exemption as contemplated by Exemption 3 and [2] that the withheld material falls within the statute." Larson, 565 F.3d at 868.

Here, DOJ claims that the records may be withheld under the BSA, which exempts "report[s] and records of reports" collected under the Act from disclosure under FOIA. 31 U.S.C. § 5319; DOJ's Renewed Mot. for Summ. J. at 3. Because "it is firmly established in this Circuit that the BSA is a proper basis for invoking an Exemption 3 withholding," Rosenberg v. U.S. Dep't of Immigration & Customs Enf't, 13 F. Supp. 3d 92, 116 n.9 (D.D.C. 2014), DOJ has shown that "the statute claimed is one of exemption as contemplated by Exemption 3," Larson 565 F.3d at 868. See also Linn v. U.S. Dep't of Justice, No. 36-1, 1995 WL 631847, at *30 (D.D.C. Aug. 22, 1995) ("The absolute language of section 5319 eliminates any possibility of agency discretion . . . . Thus, the provision satisfies the requirement of Exemption 3 that a statutorily mandated privilege must either leave no discretion to the agency or establish particular criteria for withholding.").

DOJ has also carried its burden of showing that the withheld document falls within the materials exempted by the BSA. In its renewed motion for summary judgment and the accompanying Fifth Declaration of David Hardy, the government asserts that the withheld pages "consist entirely of a BSA report, the disclosure of which is prohibited by the BSA." 5th Hardy Decl. ¶ 7. The government further states that the "BSA report [was] filed with FinCEN" and it "was obtained through the [BSA] during the course of . . . criminal investigative activities." Id. ¶ 6. Moreover, the government has provided the Court with additional details about the form and

5

circumstances of the BSA report in the Sixth Declaration of David Hardy, which was filed in camera and ex parte.[2] 6th Hardy Decl. [ECF No. 68]. Based on these declarations, the Court finds that the government has amply shown that the withheld document is a "[BSA] report . . . [that is] exempt from disclosure under [FOIA]." 31 U.S.C. § 5319; see also Rosenberg, 13 F. Supp. 3d at 115 (finding that "records of reports created pursuant to the BSA" were properly withheld under Exemption 3); Davis v. U.S. Dep't of Justice, No. CIV.A. 00-2457 (CKK), 2003 WL 25568468, at *5 (D.D.C. Mar. 21, 2003) (finding FinCEN properly withheld a BSA report under Exemption 3 "because the Bank Secrecy Act so mandates, and leaves . . . no discretion on the issue").[3] Because DOJ has logically shown that the withheld document falls within Exemption 3 and there is no contrary evidence in the record, it is entitled to summary judgment.[4]

Yunes raises several arguments in opposition to summary judgment, all of which are unavailing. He first argues that the government has failed to describe the withheld information in sufficient detail to justify summary judgment. See Pl.'s Opp'n to Summ. J. [ECF No. 69] at 2. But he is wrong. As explained above, the government need only show that the BSA is an exemption statute as contemplated by Exemption 3, and that the withheld material is a "report" collected under the Act. Larson, 565 F.3d at 868; Ass'n of Retired R.R. Workers v. U.S. R.R. Ret.

---

[2] Where, as the FBI has done here, an agency indicates that no additional information may be disclosed publicly without revealing precisely the information that the agency seeks to withhold, the receipt of in camera declarations is appropriate. See Barnard v. U.S. Dep't of Homeland Sec., 598 F. Supp. 2d 1, 16 (D.D.C. 2009); see also Arieff v. U.S. Dep't of the Navy, 712 F.2d 1462, 1469 (D.C. Cir. 1983) (explaining that in camera affidavits are, "when necessary, part of a trial judge's procedural arsenal") (internal quotation marks omitted).

[3] See also Ortiz v. U.S. Dep't of Justice, 67 F. Supp. 3d 109, 118 (D.D.C. 2014) (concluding that a teletype was properly withheld under Exemption 3 because it was "derived from reports generated pursuant to the Bank Secrecy Act, and the Act deems such reports exempt from disclosure under the FOIA"); Cuban v. SEC, 795 F. Supp. 2d 43, 62 (D.D.C. 2011) (documents containing suspicious activity reports collected under the BSA properly withheld under Exemption 3); Sciba v. Bd. of Governors of Fed. Reserve Sys., No. CIV.A. 04-1011, 2005 WL 3201206, at *1, 6 (D.D.C. Nov. 4, 2005) (suspicious activity reports and currency transaction reports collected under the BSA properly withheld under Exemption 3).

[4] Because the withheld pages "consist entirely of a BSA report," 5th Hardy Decl. ¶ 7, the government cannot provide Yunes with any "reasonably segregable portion of the record," 5 U.S.C. § 552(b). See Nat'l Ass'n of Criminal Def. Lawyers v. U.S. Dep't of Justice Exec. Office for United States Attorneys, 844 F.3d 246, 256 (D.C. Cir. 2016) ("[B]ecause the entire record is exempt from disclosure, there are no non-exempt portions left to segregate.").

Bd., 830 F.2d 331, 336 (D.C. Cir. 1987) ("'Exemption 3 differs from other FOIA exemptions in that its applicability depends less on the detailed factual contents of specific documents; the sole issue for decision is the existence of a relevant statute and the inclusion of withheld material within the statute's coverage.'" (quoting Goland, 607 F.2d at 350)); Sciba, 2005 WL 3201206, at *5 (noting the same and stating that "[t]herefore, Exemption 3(A) is . . . an exception to the policy of broad disclosure"). The government has affirmatively shown both. Though Yunes may desire to know the content of the report, he is not entitled to that information under FOIA.

Likewise, Yunes's comparison of this case to Boyd v. Executive Office for U.S. Attorneys, 87 F. Supp. 3d 58 (D.D.C. 2015), is off the mark. See Pl.'s Opp'n to Summ. J. at 2. In Boyd, the court found insufficient the Department of Treasury's statement that it applied Exemption 3 to withhold "references to information collected pursuant to the Bank Secrecy Act." 87 F. Supp. 3d at 90. That statement is similar to the language this Court found insufficient to invoke Exemption 3 in its prior opinion in this case. See Aug. 26, 2016 Mem. Op. at 13 (finding insufficient DOJ's statement that the withheld document contained "information obtained through the BSA"). But DOJ's renewed filings have cured this deficiency, by stating that the document consists entirely of a "BSA report" that was filed with FinCEN as part of a criminal investigation, the disclosure of which is prohibited by the BSA. See 5th Hardy Decl. ¶¶ 6–7. Indeed, in Rosenberg, the plaintiff argued—as Yunes does here—that the government provided insufficient detail to justify withholding a BSA report under Exemption 3 because the government did "not even identify[], in generic terms, the information redacted or the type of report involved." 13 F. Supp. 3d at 115. That court rejected this argument and held that the withheld report was "most firmly exempt under Exemption 3." Id.

Yunes next argues that "defendant's failure to adequately describe and justify [the withholding of] this material on the public record is enough to prevent summary judgment for the government." Pl.'s Opp'n to Summ. J at 2 n.1.[5] Yunes previously made this same argument and it was soundly rejected by this Court. See Aug. 26, 2016 Mem. Op. at 17 ("[T]he Court rejects Yunes's argument that summary judgment is improper simply because necessary details were not provided publicly."). He provides no reason that the Court should disturb its earlier decision. See Lever Bros. Co. v. United States, 981 F.2d 1330, 1332 (D.C. Cir. 1993) (court must follow "law of the case" unless it is convinced that its earlier decision was erroneous and adherence to the law of the case will work a grave injustice).

Yunes lastly argues that the "FBI has failed to follow DOJ guidance on handling material from another agency" by not referring this document to FinCEN, and that "this raises the question as to whether the FBI acted properly in withholding this material." Pl.'s Opp'n to Summ. J. at 2–3. But DOJ's FOIA regulations do not require referral to originating agencies; they permit referral and encourage the practice "[w]hen the component processing [a FOIA] request believes that a different . . . agency, or other Federal Government office is best able to determine whether to disclose the record." 28 C.F.R. § 16.4(d)(2)(i). The FBI asserts that its handling of this record conforms with "its general practices for handling BSA information." DOJ's Reply in Support of Renewed Mot. for Summ. J. [ECF No. 70] at 3. Although Yunes may find the lack of a referral "curious," he fails to explain how DOJ's decision not to follow permissive regulations concerning

---

[5] Following the D.C. Circuit's guidance to "make as much as possible of the in camera submission available to the opposing party," as is appropriate, the Court has reviewed the Sixth Declaration of David Hardy to determine whether any portions may be disclosed publicly. See Armstrong v. Exec. Office of the President, 97 F.3d 575, 580 (D.C. Cir. 1996). The Court has determined that none of the sealed portions of the declaration may be disclosed without revealing information that DOJ seeks to protect.

8

referral to another agency creates a genuine issue as to a material fact that would preclude this Court from granting summary judgment in favor of the government.

## CONCLUSION

For the foregoing reasons, the Court will grant DOJ's renewed motion for summary judgment. A separate order will issue on this date.

/s/
JOHN D. BATES
United States District Judge

Dated: June 26, 2017